FILED

2023 Sep-27  AM 10:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL HAYWOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **Case No.:  1:21-cv-01112-LCB-HNJ** |
| | ) | |
| **AARON GREEN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

On August 9, 2021, U.S. Magistrate Judge Herman N. Johnson, Jr., issued a Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) recommending that the Court dismiss this action without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted. (Doc. 19). No party has objected to the Report and Recommendation.

If a party objects to a portion of a Magistrate Judge's report or proposed findings or recommendations, the district court must review *de novo* those portions of the report to which the party has specifically objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The standard of district-court review for those portions of the report or proposed findings or recommendations that remain unchallenged has not been resolved by the Eleventh Circuit; none of its published opinions supplies the missing standard.

But in an unpublished per curiam opinion, the Eleventh Circuit intimated the standard it's most likely to adopt, observing that "[m]ost circuits agree" the district court "need not conduct a *de novo* review" absent timely objections, "but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (citing *Diamond v. Colonial Life & Accident Ins.,* 416 F.3d 310, 315 (4th Cir. 2005); *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir. 1999); *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir. 1989); and *Drywall Tapers & Pointers v. Local 530,* 889 F.2d 389, 395 (2d Cir. 1989)) (quotations omitted). And in practice, most district courts in the Eleventh Circuit already apply this clear-error standard. *See, e.g.*, *United States v. Middleton*, 595 F. Supp. 3d 1277, 1282 (N.D. Ga. 2022); *Nationstar Mortg., LLC*, 264 F. Supp. 3d 1301, 1302 (S.D. Fla. 2017); *Doe v. Univ. of Alabama in Huntsville*, 177 F. Supp. 3d 1380, 1384 (N.D. Ala. 2016). Given this practice and precedent, the Court likewise adopts the clear-error standard for its review of unchallenged portions of a Magistrate Judge's proposed findings and recommendations. Finally, the district court may, in its review, "accept, reject, or modify, in whole or in part," the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

Having reviewed the proposed findings and recommendations for clear error, the Court concludes that the Magistrate Judge's Report and Recommendation

(Doc. 19) should be **ACCEPTED** and hereby **ADOPTS** it as the findings of the Court. The case is therefore **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is **DIRECTED** to close the case.

**DONE** and **ORDERED** this September 27, 2023.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE